# Whitby v. Whitby.

January 20, 1948.

Joe L. Price, Judge.

Joseph J. Grace for appellant.

John D. Driskill for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

On the 14th day of April, 1937, appellee, by judgment of the McCracken Circuit Court, was granted a divorce from appellant. The latter was awarded the custody, and the sum of $10 per month for maintenance, of their infant child. From then until the institution of the present proceedings, appellee paid the sum of $255 in pursuance of the judgment. On the 10th day of April, 1947, appellant filed her affidavit in which she

alleged that appellee was in arrears in the installment payments, and asked for an order of attachment which was issued and served on the Firestone Service Stores as garnishee; she additionally caused an execution to be raised on the judgment, which was levied on certain real estate in McCracken County. Thereafter appellee moved the Court to quash the execution and the attachment; both motions were sustained. The Court, however, entered an order declaring appellee to be in arrears in the payment of maintenance in the sum of $805 as of August 1, 1947, and ordered him to pay said sum to appellant and, commencing August 1, 1947, to pay to the Clerk of the McCracken Circuit Court the sum of $10 each and every month for the maintenance and care of the infant. From the order sustaining the motion to quash the execution and the attachment this appeal has been taken.

In support of the Chancellor's conclusion, appellee contends that the judgment requiring him to pay the sum of $10 per month was not a final judgment, because it could be, although it was not, modified thereafter; and since it was not a final judgment, appellant was not entitled to have an execution raised or an attachment issued thereon. Appellant contends that the judgment was final, although subject to modification upon a change of condition at any time subsequent to its entry, and that any sums past due and unpaid rendered the judgment final as to such amounts, although the judgment might not be, which she does not concede, final in respect to its prospective effect.

The precise question heretofore has not been presented to this Court. In 94 A. L. R. 332, the majority rule in respect to alimony payable in installments, and which we conceive to be the correct rule, is stated: "The rule in a majority of the states is that installments of alimony become vested when they become due, and the court has no power to modify the decree as to them."

In like tenor, we believe this rule to be applicable to installments of maintenance for an infant child. We perceive that no distinction can be made between a judgment based upon a claim for alimony or maintenance and a judgment based upon any other legal right. After the judgment is entered, although it may be subject to

modification at a subsequent date, it is binding and final until modified; and any payments which may have become due previous to such modification constitute a fixed and liquidated debt in favor of the judgment creditor against the judgment debtor. In fact, under our practice, the judgment debtor must pay all past due installments, thus purging himself of contempt, before the court will entertain a motion to modify the judgment in respect to future installments. Where either alimony or maintenance is awarded pendente lite, it can be enforced only by contempt proceedings, because such an order is interlocutory and not final. 17 Am. Jur., Sec. 559, p. 445. But the decree in this case is final in so far as past due installments are concerned, and the rule in respect to temporary alimony or maintenance is not applicable.

As to appellant's right to enforce the payment of past due installments by attachment or garnishment: In 4 Am. Jur., Sec. 102, p. 620, it is said: "There are only a few cases in point, but for the most part they hold or assume that a decree for periodical allowance of alimony may be enforced by attachment or garnishment of property of the judgment defendant."

It appears from the annotations that the only court holding to the contrary is the Supreme Court of Michigan.

Appellee relies solely on the case of Gerrein's Adm'r v. Michie et al., 122 Ky. 250, 91 S. W. 252, 253, 28 Ky. Law Rep. 1193, wherein the writer of the opinion said: "The judgment (one for alimony) in question was not one upon which an execution could issue."

In the same paragraph wherein that statement is made the writer made the following statements: "The judgment is a contract of record. It is immaterial that the consideration of the judgment was a claim for alimony. Judgments for alimony are no less enforceable than other judgments."

We will not attempt to reconcile these statements. If that decision is susceptible of a construction in conflict with the views herein expressed, to that extent it is overruled.

We are of the opinion that the Trial Court erron-

eously quashed the execution and the attachment, for which reason the judgment must be, and hereby is, reversed for proceedings consistent with this opinion.