**Carl I. BAILEY, Appellant,**

**v.**

**Harriett BAILEY, Appellee.**

Court of Appeals of Kentucky.

Oct. 26, 1956.

Thomas Burchett, Ashland, for appellant.

B. S. Wilson, Jr., Ashland, for appellee.

MOREMEN, Judge.

On November 4, 1949, the circuit court entered a judgment which granted to the

appellant, Carl Bailey, a divorce from the appellee, Harriett Bailey. Appellee was awarded custody of the two infant children and alimony and maintenance for herself and children in the sum of $130 per month. No appeal was taken from this judgment.

On August 5, 1955, the court entered a judgment wherein it was decided that appellant was indebted to the appellee in the sum of $3,565 for alimony and maintenance up to and including June 30, 1955. It was further adjudicated that appellant's financial condition was such that he was unable to purge himself of contempt and the motion looking to that purpose was indefinitely continued. The alimony and maintenance allowance was reduced from $130 per month to the sum of $15 per week. It is from this judgment that appellant prosecutes this appeal although the argument for reversal made by the appellant is directed at the first judgment.

■ It is contended that the court erred in the original judgment in allowing alimony to appellee when the judgment of divorce was granted to appellant and since the court retains jurisdiction over alimony and maintenance, it should have set aside the 1949 judgment and allowed credit for all the alimony paid upon maintenance for the children. In short, this is an attempt to appeal a judgment many years after the time for filing appeal has elapsed and is untenable.

■ Appellant also presupposes that the court did not have the right to grant alimony to the wife in any case where the divorce is granted to the husband. In Coleman v. Coleman, Ky., 269 S.W.2d 730, it was pointed out that where the wife has not been guilty of moral delinquency and the husband has not been entirely free from fault, the wife may be entitled to alimony even though the husband has been granted a divorce.

■ We believe the judgment of the trial court is correct in all particulars.

Although it is subject to modification at a later date, it is binding and final until modified. Installments of alimony and maintenance become vested when they become due and the court has no power to modify the decree as to them. Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68.

Judgment affirmed.