**W. E. TUCKER, Appellant,**

**v.**

**Opal TUCKER, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Rehearing Denied Feb. 11, 1966.

E. H. Walton, Covington, for appellant.

Richard Nelson, Covington, for appellee.

PALMORE, Judge.

W. E. Tucker appeals from a judgment of the Kenton Circuit Court awarding his former wife, Opal Tucker, the sum of $3436 representing arrearages in weekly child support payments directed in the divorce decree.

The divorce judgment was entered in 1959. It gave Opal the custody of three children and directed appellant to pay $15 per week through the Domestic Relations Court at the Court House in Covington, Kentucky, for their maintenance.

In January of 1964 Opal filed a motion for a money judgment, supported by an affidavit claiming total arrearages of $3616. Appellant countered with an affidavit stating that he had given Opal an average of $40 per month in cash, that he had paid $1378 to a building and loan association against a mortgage on Opal's home, that one of the three children had been living with appellant for some time and that he had expended $60 per month for the support of that child.

The trial court conducted a hearing at which the parties and other witnesses testified, following which findings of fact, conclusions of law and ultimately a judgment were entered. The hearing was not reported or transcribed, and no record of it has been made otherwise. Therefore, in view of the familiar rule that unless the testimony is reduced to writing and properly certified as a part of the record it cannot be considered on appeal, it must be presumed that the evidence sustains the findings of fact. Silliman v. Falls City Stone Company, Ky., 305 S.W.2d 322, 324 (1957).

Since appellant had not complied with the judgment directing him to make the payments through the domestic relations court or department and had not obtained receipts for the payments he claimed to have made in cash, the court resolved the conflicting evidence on this point against him and found that of $3720 due he had paid but $284, leaving a deficiency of $3436.

It was further set out in the findings of fact and conclusions of law that the parties jointly owned the house on which the mortgage payments were made and were jointly obligated on the indebtedness, and the court declined to credit appellant with the amounts so paid or with any part of the expense he said he had incurred in supporting the child whose custody had been transferred without approval of the court.

Appellant's brief quibbles with the judgment up and down the line. No legal question is or can be involved except whether in view of the facts as disclosed in the findings the chancellor abused his discretion. We are of the opinion that he did not. The purpose of directing appellant to make weekly payments through the domestic relations court or department was to obviate the very type of controversy that resulted in this litigation. If a party wishes to contribute to the support of his children in some manner other than that in which a court has directed, the court is always open to a timely application for modification. If he does it without such permission it is not incumbent on the court to give him any credit for it.

The judgment is affirmed.