**Grace Crase PFAFF, Appellant,**

v.

**Herman PFAFF, Appellee.**

Court of Appeals of Kentucky.

Nov. 10, 1967.

S. H. Rice, Irvine, for appellant.

M. V. Mainous Irvine, for appellee.

MILLIKEN, Judge.

This appeal is from a judgment awarding a divorce to both husband and wife, and the wife, the defendant below, appeals because no alimony was awarded her and because she feels the allowance of fifty dollars a month for the support of their thirteen year daughter is insufficient.

The only proof before the chancellor was the testimony of the husband and the wife. The parties had been married for twenty-eight years and live in Irvine. They have two daughters, ages twenty and thirteen. The older girl is a senior in college and the younger is at home and in high school. The charges of both parties are based on cruelty and it was within the discretion of the chancellor to enter judgment granting an absolute divorce to either, for the evidence of each party, if believed, was sufficient to sustain it.

During the pendency of the suit, the parties sold their home and divided the equity between them which was about $1,500.00 to each after the payment of the mortgage upon it. The furniture and belongings, valued at about $2,000.00, were given to the wife, and the automobile with its substantial mortgage to the husband. He also assumed the two outstanding store accounts. No formal property agreement was entered into.

The husband earns about $7,000.00 a year and the wife slightly over $2,000.00. In addition, the husband receives a veteran's disability allowance of $74.50 a month which satisfies the monthly mortgage payments on his car. The chancellor awarded no alimony to the wife and we believe this was error in the circumstances of this case. She has been guilty of no immoral conduct which would justify denying her alimony. In fact, we are impressed by the apparent honesty of the testimony of both parties, yet it reflects a mutual irritability. She is three years older than he and after twenty-eight years of marriage and the rearing of two daughters, we believe that she is entitled to alimony and an additional monthly allowance for the support of the younger daughter. We have held that when a wife has not been guilty of immorality and the husband has not been entirely free of fault, the wife may be entitled to alimony even though the husband was granted the divorce. Coleman v. Coleman, Ky., 269 S. W.2d 730; Conlan v. Conlan, Ky., 293 S. W.2d 710; and Bailey v. Bailey, Ky., 294 S. W.2d 942. In the case at bar the wife is

in her early fifties, has not misbehaved and we think is entitled to alimony. The couple did not accumulate so much during their marriage that the property settlement effected between them is tantamount to a lump-sum payment of alimony.

The judgment denying alimony is reversed with directions to award the wife alimony until and unless she remarries, and to reconsider the amount allowed for maintenance of the daughter in light of the present circumstances of the parties.

WILLIAMS, C. J., and HILL, PALMORE and STEINFELD, JJ., concur.

MONTGOMERY, J., dissenting.

OSBORNE, J., not sitting.