Katherine HARDIN (now Clark) and
Theodore H. Lavit, Appellants,

v.

Alton Avery HARDIN, Appellee.

Court of Appeals of Kentucky.

May 7, 1971.

As Modified June 25, 1971.

Theodore H. Lavit, Lavit & Blandford, Lebanon, for appellants.

Charles T. Mattingly, Lebanon, for appellee.

EDWARD P. HILL, Jr., Judge.

By reason of appellee's failure to file brief, we invoke the provisions of RCA 1.-260(c) (2) and reverse the judgment from which the appeal is prosecuted.

Appellant and appellee were married February 18, 1961, and were divorced two years later, lacking one week. One child, a girl, now past eight years of age was born to this marriage. The divorce judgment found appellee at fault and awarded the custody of the child to appellant with a provision that appellee pay $7 per week child support.

Commencing on April 15, 1967, the child-support payments were increased to $50 per month. While proceedings were pending to enforce payments of support for the child, the chancellor reduced the payments to $7.25 per week.

After a hearing on August 4, 1970, on appellant's motion for attorney's fee and to set aside an order "holding an attachment in abeyance," the chancellor overruled appellant's motion for a rule against appellee, attorney's fee, and other relief, and reduced child-support payments to $10 per month. This order stipulated that appellee was in arrears fifteen weeks as to child-support payments, but declined to punish appellee for default, although appellee testified he would go to the penitentiary rather than support the child.

Since the divorce, both parties have remarried. Appellant has two children in addition to the one born to her marriage to appellee. She is employed at a salary of $63 per week and has an income of $64 per month from welfare funds. She is presently not living with her last husband.

Appellee and his second wife also have three children to support. He is a ser-

geant with the police department of the city of Lebanon at a salary of $400 per month.

We agree with appellant that she is entitled to have the usual process of the court (rule and contempt) in addition to attachment and execution to enforce payment of the judgment. The chancellor abused his discretion in reducing child-support payments to $10 per month. We direct that the allowance of $7.25 per week for child support which was in effect prior to the entry of the order appealed from, be reinstated retroactive ot August 21, 1970. In addition the chancellor is directed to make a reasonable allowance to the appellant's attorney for representing appellant on these proceedings.

In addition to the authority for this opinion found in RCA 1.260, we find abundant precedent in Johnson v. Johnson, Ky., 438 S.W.2d 493 (1969), KRS 403.070, and Gay v. Gay, Ky., 421 S.W.2d 603 (1967).

The judgment is reversed for proceedings consistent herewith.

All concur.