**Norma Jean SULLIVAN, Appellant,**

v.

**Lawrence Alfred SULLIVAN, Appellee.**

Court of Appeals of Kentucky.

Jan. 5, 1979.

G. Phillip Deeb, Sr., Deeb & Deeb, Louisville, for appellant.

W. Waverly Townes, Louisville, for appellee.

Before HOWERTON, REYNOLDS, and VANCE, JJ.

HOWERTON, Judge.

Norma Jean Sullivan contends that the trial court erred by failing to determine an amount of arrearages in child support and by concluding that the appellee, Lawrence Alfred Sullivan, was entitled to reduce his support payments by a percentage of the total amount as each of five infant children reached the age of majority.

The marriage of the parties was dissolved in 1969, and Lawrence agreed to pay to Norma "$60.00 per week as maintenance for the support of the five infant children

to continue until further orders of this court." In 1970, the first of the five children reached the age of majority, and Lawrence reduced the child support by one-fifth. Lawrence again reduced his support payments by one-fifth when the second child reached majority in May 1974. In September 1974, Norma sought an increase in child support for her three remaining minor children. The court authorized an increase from the current payments of $36.00 per week to the sum of $52.50 per week. In May 1976, Norma requested an increase in child support from $17.50 per week per child to $22.50 per week per child, but the court only raised the total amount from $52.50 per week to $55.00 per week. Norma did not seek any arrearages at either proceeding to modify the amount of child support. We also note that neither order modifying the amount of support increased the support payments to an amount equal to the original level of $60.00 per week, which was the agreed amount for support of five children. None of the orders, however, specified that the support payment was for individual children. The 1976 order read in part, "for support of the parties' three infant children the sum of $55.00 per week . . . ." In September 1977, the appellant brought this action for arrearages dating back to the time when the appellee first reduced his payments.

Based on the foregoing history, the trial court concluded that the intent of the parties was to make the payments "per child per week." The findings and conclusions are not clearly erroneous, nor is the order of the trial court an abuse of discretion, as has been argued by the appellant.

Appellant contends that *Guthrie v. Guthrie,* Ky., 429 S.W.2d 32 (1968), is controlling. The court refused to allow Guthrie to reduce his lump sum support on a per child basis in the absence of an agreement. However, in *Guthrie* the facts indicated that it was not until a suit was brought for child support arrearages that the ex-husband presented his theory for "per child" support payments. The ex-husband's payments had been erratic and had not re-flected any intention of reducing payments as each child reached majority.

Appellant also cites *Whitby v. Whitby,* 306 Ky. 355, 208 S.W.2d 68 (1948), for the proposition that once support payments have accrued, the court cannot retroactively modify those payments. We find *Whitby* to be inapplicable. In the instant case, the court did not modify an agreement, but it interpreted what the parties apparently intended in their original agreement based on the actions of both parties.

The judgment of the circuit court is affirmed.

All concur.