Wanda Louise STEWART, Jackie Woosley and Romie Dale Woosley, Movants,

v.

Larry D. RAIKES, as Administrator of Estate of V. H. Towles, Jr., Deceased, Respondent.

Supreme Court of Kentucky.

Feb. 16, 1982.

Paul Lewis, T. Steven Bland, Lewis, Bland & Preston, Elizabethtown, for movants.

Larry D. Raikes, Hodgenville, for respondent.

STERNBERG, Justice.

This is an action to collect from the estate of a biological father an arrearage in the payment of child support. V.H. Towles, Jr.,

hereafter referred to as Towles, and Wanda Louise Stewart, movant herein, hereafter referred to as Wanda, were married on May 26, 1955. In June or July, 1957, movant Jackie Woosley was born to Towles and Wanda. Towles and Wanda were divorced by a judgment of the Larue Circuit Court on September 5, 1958. The judgment in part ordered that, "It is further ordered and adjudged by the Court that the defendant, Vernon H. Towles, Jr., pay to the plaintiff, Wanda Louise Towles, the sum of Forty Dollars per month, beginning on the first day of September, 1958, and the first day of each succeeding month thereafter, for the support of said infant child, until the further orders of this court." The record reveals that on at least three separate occasions Wanda was forced to institute contempt proceedings in the original divorce action to coerce Towles into making payment of arrearages in the child support payments. Subsequent to the divorce Wanda married Roy Stewart, who, on June 16, 1970, by proceedings in the Jefferson Circuit Court, adopted Jackie as his daughter.

Towles died intestate on January 8, 1978, and on January 11, 1978, respondent Larry D. Raikes was duly appointed administrator of his estate. On or about August 10, 1978, Wanda filed a claim against the estate of Towles for the uncontroverted sum of $8,457.60, which represented accrued and unpaid child support payments for the period ending June 16, 1970, the date on which Jackie was adopted by Roy Stewart. The claim was not honored. Instead, respondent Raikes filed a "Petition for Declaratory Relief" in the Larue Circuit Court challenging the right of Wanda to recover the delinquent child support payments. Various, sundry and numerous defenses were made to the claim. The trial judge filed "Findings of Fact" and "Conclusions of Law." He adjudged only that Jackie is not an heir at law of Towles and is not entitled to inherit from his estate, and that Wanda's claim must fail by reason of her failure to take proceedings in the divorce action for the purpose of reducing child support arrearages to a lump sum judgment.

A notice of appeal to the Court of Appeals of Kentucky was filed by movants and a designation of record was duly filed by their counsel. Respondent did not appeal from or challenge all or any part of the judgment of the Larue Circuit Court. The Court of Appeals defined the issue before it as follows:

"The issue in this case is whether the trial court properly ruled that Mrs. Stewart's claim was barred due to her failure to reduce her claim to a lump sum judgment."

The respondent, however, in addition to this issue, argued to the Court of Appeals that, (1) the claim was barred by reason of the failure of Wanda to revive the action pursuant to the provisions of KRS 413.180, and (2) the claim was barred by equitable estoppel and/or waiver.

The Court of Appeals held that since Wanda had not reduced her claim to a lump sum judgment, she therefore was not entitled to recover the amount of delinquent child support payments. It went on to state that it need not consider any argument presented by the respondent other than the stated issue.

Movants' motion for review was granted by this court on August 25, 1981. No motion for review was filed by respondent. The only issue properly before this court, and the only issue decided by this court, is whether Wanda's claim is barred due to her failure to reduce her claim to a lump sum judgment.

There is no magic in reducing the claim for unpaid child support payments to a lump sum judgment before it can be collected from the estate. In *Dalton v. Dalton*, Ky., 367 S.W.2d 840, 842 (1963), this court, in speaking to the liability for unpaid child support, said:

"... In accord with a majority of the jurisdictions, we hold that unpaid periodical payments for maintenance of children, like that for alimony, become vested when due. The accrued sum of delinquencies is a fixed and liquidated debt, and the court has no power to modify the judgment as to it...."

This court went on to hold that the court in which the judgment was rendered was without authority to modify or cancel vested rights in the accruals of unpaid child support.

In *Whitby v. Whitby*, 306 Ky. 355, 208 S.W.2d 68 (1948), this court considered the propriety of having an attachment and an execution issued in an attempt to collect arrearages in child support payments. On motion of the father against whom the attachment and the execution were issued, both the attachment and the execution were quashed. On appeal to this court we reversed, holding " . . . the Trial Court erroneously quashed the execution and the attachment, for which reason the judgment must be, and hereby is, reversed for proceedings consistent with this opinion." In analyzing the facts and rationalizing the law to that issue, we wrote:

" 'The rule in a majority of the states is that installments of alimony become vested when they become due, and the court has no power to modify the decree as to them.'

In like tenor, we believe this rule to be applicable to installments of maintenance for an infant child. We perceive that no distinction can be made between a judgment based upon a claim for alimony or maintenance and a judgment based upon any other legal right. After the judgment is entered, although it may be subject to modification at a subsequent date, it is binding and final until modified; and any payments which may have become due previous to such modification constitute a fixed and liquidated debt in favor of the judgment creditor against the judgment debtor."

See also *Hardin v. Hardin*, Ky., 469 S.W.2d 57 (1971).

In *Desjardins v. Desjardins*, 308 F.2d 111 (6th Cir. 1962), the United States Court of Appeals for the Sixth Circuit was confronted with a suit that had been filed to collect alleged delinquent periodic payments of alimony from the estate of claimant's former husband. Rosemary Desjardins and Gregory Desjardins were divorced in the state of Ohio and the decree provided for the payment of periodic alimony. Gregory thereafter remarried, and upon his death his widow Irene was appointed and qualified to administer his estate. At the time of Gregory's death he was allegedly delinquent in making his support payments. His estate denied the account and pled payment. In disposing of the question of the sufficiency of the evidence to establish the validity of the claim favorable to Rosemary, the Court of Appeals wrote:

" . . . A fair reading of the District Judge's opinion, however, indicates that he did not rely on such allegedly incompetent testimony for his decision, but rather upon the evidence supplied by the divorce decree, itself. The suit is based upon such decree. . . .

Under Ohio law, a decree of a court of competent jurisdiction approving or adopting a separation agreement which fixes the property rights of the parties to a marriage and which provides for the support of the wife is not subject to modification by that court in the absence of mistake, fraud or misrepresentation. . . .

The fact that the decree is one for monthly installments rather than for a lump sum is of no consequence here. . . .

. . . Here, defendant admits the existence of the decree incorporating in it provisions for monthly payments to the wife. . . .

Defendant asserts, however, that this rule as to the burden of proof of payment is not applicable here because the suit is not founded upon a debt for an unconditional and definite sum of money. We cannot agree. Kentucky early recognized that a money judgment is in the nature of a debt. *Dudley v. Lindsey*, 48 Ky. 486, 489. And, as we have seen, it is inconsequential that the suit is based on installments due rather than a lump sum. . . . The amount claimed here for past due monthly support payments is no less definite or certain than a lump sum merely because a simple calculation is required to arrive at it. . . . "

It appears that over-emphasis is placed on the need to reduce the unpaid child support payments to a lump sum judgment. As a matter of fact, each installment of child support becomes a lump sum judgment, unchangeable by the trial court when it becomes due and is unpaid.

It was not necessary that Wanda reduce her claim to a lump sum judgment. The trial court erroneously dismissed Wanda's claim.

The decision of the Court of Appeals and the judgment of the Larue Circuit Court are reversed, and this cause is remanded to the Larue Circuit Court for proceedings consistent with this opinion.

PALMORE, C.J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur.