**John L. HEISLEY, Appellant,**

v.

**Barbara S. HEISLEY, Appellee.**

Court of Appeals of Kentucky.

July 27, 1984.

Case Ordered Published by
Supreme Court Sept. 26, 1984.

James K. McCrorey, Louisville, for appellant.

James Levin, Louisville, for appellee.

Before GUDGEL, LESTER and WHITE, JJ.

WHITE, Judge.

This appeal is from the Jefferson Circuit Court's determination of certain matters relevant to the collection of maintenance and child support arrearages owed by appellant to his former wife, appellee herein. The facts are well-known to the parties and need not be repeated.

■ It is urged by Mr. Heisley that the trial court erred in not accepting his argument that appellee's claim was barred by the equitable defenses of laches or estoppel by acquiescence. Furthermore, it is asserted that error occurred in the lower Court's failure to have directed in his favor modification of the maintenance agreement.

In *Stewart v. Raikes,* Ky., 627 S.W.2d 586, 587 (1982), it was reiterated from *Dalton v. Dalton,* Ky., 367 S.W.2d 840, 842 (1963): " '... In accord with a majority of the jurisdictions, we hold that unpaid periodical payments for maintenance of children, like that for alimony, become vested when due. The accrued sum of delinquencies is a fixed and liquidated debt....' "

Citing also from *Whitby v. Whitby,* 306 Ky. 355, 208 S.W.2d 68 (1948), *Raikes* continued at 588:

"We perceive that no distinction can be made between a judgment based upon a claim for alimony or maintenance and a judgment based upon any other legal right.... [A]ny payments which may have become due previous to such modification constitute a fixed and liquidated debt in favor of the judgment creditor against the judgment debtor."

*See also* KRS 403.180(5): "Terms of the agreement set forth in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms." Clearly, therefore, matters of maintenance and child support have the same effect as a money judgment.

KRS 413.090(1) establishes a fifteen-year period after the cause first accrues in which an action upon a judgment or decree of any court of this Commonwealth may be brought. Given, therefore, that law has addressed the running of time in concerns such as these, equitable relief through laches and estoppel would not be available.

To that end reference is made to the old chestnut that "equity provides relief where the law does not furnish a remedy." Mr. Heisley's recourse was at law (perhaps through pleading accord and satisfaction), not at equity.

Although our reasoning differs from that of the lower Court, we cannot state that it was in error in its conclusion that appellant's equitable defenses must be rejected.

■ Likewise we cannot adopt Mr. Heisley's arguments that the Circuit Court erred in refusing to modify the maintenance agreement. Both the Commissioner and the lower Court considered the facts presented by either side and determined that appellant's circumstances had not sufficiently changed as to have made the terms of the agreement unconscionable. Although Mr. Heisley did offer data in support of his position, Mrs. Heisley's claims were also not without documentation. Therefore, we cannot state as a matter of law that the lower Court's decision is unsupported by substantial evidence. Accordingly the exercise of its judgment in favor of Mrs. Heisley is not to be held an abuse of discretion. *See, inter alia, Peterson v. Peterson,* Ky.App., 583 S.W.2d 707 (1979), and *McKenzie v. McKenzie,* Ky., 502 S.W.2d 657 (1973).

For all the aforementioned reasoning the Order of the Jefferson Circuit Court is affirmed in all aspects.

All concur.