918

Daniel Dale TINNELL, Appellant,

v.

Judy Ann TINNELL (now West), Appellee.

Court of Appeals of Kentucky.

Dec. 21, 1984.

Joe Martin, Jr., Louisville, for appellant.

Walter Alan Sholar, Shepherdsville, for appellee.

Before HAYES, C.J., and REYNOLDS and DUNN, JJ.

DUNN, Judge.

This appeal is from an order of the Bullitt Circuit Court awarding appellee $20,508.80 due from appellant as arrearages in child support. The parties' marriage was terminated by divorce on August 24, 1971, as a result of which the appellee was granted custody of their four minor children and the appellant ordered to provide $40.00 per week in child support. With the exception of approximately one year during which a portion of his social security benefits were forwarded directly to the appellee by the Cabinet for Human Resources, the appellant has failed to meet his child support obligations. No attempt was made to enforce the order for support, however, until July 29, 1983, when the appellee filed a motion for a common-law judgment against the appellant in Bullitt Circuit Court. The appellant defended this action on the basis of an oral modification of the original support order concluded by himself and the appellee which released him from his support obligations in exchange for his surrender of visitation rights. After a hearing on this issue, the trial court granted the appellee's motion for a common-law judgment on the basis of its belief that Kentucky law does not authorize the private, oral modification of arrangements for child support. Consequently, no specific factual finding was necessary regarding the existence or non-existence of such an agreement between the parties. As we believe that the trial court's decision was grounded on an erroneous conclusion of law, we reverse and remand the decision of the Bullitt Circuit Court for further proceedings consistent with this opinion.

931

The ability of the parties to privately modify the terms of such judgment for child support without prior judicial approval has long been recognized by the Kentucky courts. *See Story v. Story*, Ky., 423 S.W.2d 907 (1968); *Davis v. Davis*, Ky., 431 S.W.2d 866 (1968); *Ruby v. Shouse*, Ky., 476 S.W.2d 823 (1972). As long as such agreements can be proven by their proponents with reasonable certainty, courts can enforce them against the parties without having given prior approval to the alteration in the context of a motion to modify child support. In fact, the case now before the Court, where there has been an attempt to obtain an award of arrearages, presents the classic factual pattern for the adjudication of the binding nature of private modifications of child support.

In its mistaken belief that the law would not countenance such arrangements, the trial court granted the appellee's request for arrearages without making any determination as to whether the parties in the case at bar had actually agreed between themselves to release the appellant from his duty to pay child support. This question is now of central importance in this dispute. It is, however, essentially an issue of fact which is for the trial court to decide. *Story, supra.* Accordingly, we REVERSE and REMAND to the Bullitt Circuit Court for further proceedings not inconsistent with this opinion.

All concur.