**Janet PRICE, Appellant,**

v.

**David PRICE, Appellee.**

**No. 95–SC–02–DG.**

Supreme Court of Kentucky.

Dec. 21, 1995.

Glenn E. Acree, Lexington, for appellant.

Glen S. Bagby, J. Robert Lyons, Jr., Lexington, for appellee.

STEPHENS, Chief Justice.

This appeal arises from an order of the Fayette Circuit Court relieving appellee's obligation to pay child support arrearages which accrued from October 31, 1990, until February 14, 1992. The Court of Appeals affirmed this decision. We do not agree.

David Price (hereinafter Father) and Janet Price (hereinafter Mother) were divorced in 1987. At that time the couple had one minor son (hereinafter Child). Pursuant to the divorce decree, Mother was awarded custody of the Child and Father was ordered to pay $1400 per month in child support. These support payments were to be made through the Fayette County Domestic Relations Office.

In an attempt to correct some behavioral problems, the parents agreed to change Child's residence, from Mother to Father. The change occurred on October 31, 1990. The Child remains in Father's home. Father stopped all payment of child support as of October 31, 1990. Mother filed a motion to compel Father to pay child support arrearages on February 14, 1992. Father, on February 18, 1992, filed for modification of the child support decree and a legal change of custody. Thereafter, on April 27, 1992, Mother and Father entered into an agreed order changing custody from Mother to Father.

Father contends that he is not obligated to pay Mother any child support for the time that Child shared Father's residence. Father maintains that because he was in physical custody of Child and providing for all necessities of Child that he was not obligated to pay Mother child support between October 31, 1990 and April 27, 1992.

It is undisputed that Mother and Father agreed to a temporary change in Child's residence for the benefit of their child. The temporary change eventually became a permanent arrangement. However, legal custody of Child was not changed from Mother until the agreed order of April 27, 1992.

The trial court found that, even though the original decree ordering child support had not been modified, "it would be unfair to require that child support be paid" by Father after October 31, 1990. The Court of Appeals, while not condoning the actions of Father in ignoring the order of the court concerning method and amounts of supports [1]

---

[1] Father never paid the support obligation through the Domestic Relations office as ordered in the divorce decree. Additionally, from time to time, Father unilaterally elected to pay other expenses incurred for the Child, deducting the amount from the $1,400 and paying the balance to Mother. Father also refused to pay the support obligation for the time the Child spent vaca-

, found no abuse of discretion on the part of the trial judge. This Court finds that the trial judge had no power to relieve Father of his child support obligations which became due between the time Child changed residences and the filing of the motion for a modification of that order.

As an initial matter, the legislature has expressly spoken on this matter. KRS 403.213 defines when and upon what circumstances a child support order may be modified. The statute explicitly states that "[t]he provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of a motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing." The record is devoid of evidence showing that any motion for modification was made to the court prior to Father's motion of February 18, 1992. The statute mandates that child support orders may only be modified prospectively and only after a motion for modification. There is no ambiguity in the wording of this statute.

██ This statute is in place to avoid litigation when one parent decides what is best for the child, much like the case before us now. Once a court has issued an order for the payment of child support, neither parent can unilaterally decide upon a different course of action. In issuing this order, the court, along with the legislature, has made a determination as to what is best for the child. It is unfortunate that divorcing parents are often unable to make these decisions, but divorce by its nature is a time of conflict. We have recognized that many parents do agree, without the aid of the courts, as to modifications of custody and child support. In those instances, a court has the power to recognize the modification of the child support obligation and reduce the arrearages accordingly. *Mauk v. Mauk*, Ky.App., 873 S.W.2d 213 (1994); *Whicker v. Whicker*, Ky.App., 711 S.W.2d 857 (1986); *Tinnell v. Tinnell*, Ky. App., 681 S.W.2d 918 (1984).

██ A court will enforce a private agreement between parents if it meets certain requirements. If the agreement is oral it must be proven with reasonable certainty and the court must find "that the agreement is fair and equitable under the circumstances." *Whicker v. Whicker*, Ky.App., 711 S.W.2d 857, 859 (1986). Moreover, the agreement, once proven, will only be enforced if the "modification might reasonably have been granted, had a proper motion to modify been brought." *Id.*

██ Furthermore, the decision in *Whicker* reinforces the fundamental concept that child support can only be modified prospectively. This Court has long understood "that unpaid periodical payments for maintenance of children, . . ., become vested when due." *Dalton v. Dalton*, Ky., 367 S.W.2d 840, 842 (1963). As a result and "[a]s a matter of fact, each installment of child support becomes a lump sum judgment, *unchangeable by the trial court* when it becomes due and is unpaid." *Stewart v. Raikes*, Ky., 627 S.W.2d 586, 589 (1982) (emphasis added). Accordingly, "the courts are without authority to 'forgive' vested rights in accrued maintenance." *Mauk*, 873 S.W.2d at 216. In the case before us, it is undisputed that there was no agreement between the parents as to a modification of child support. We will not reach into this dispute and find an implicit agreement.

Appellee urges that equitable principles require the courts to relieve him of the court ordered child support because he, in fact, supported his child while Child lived in Father's home. We understand that "equity provides relief where the law does not furnish a remedy." *Heisley v. Heisley*, Ky. App., 676 S.W.2d 477, 478 (1984). Here, appellee's recourse was at law, by the filing of a motion for modification of the child support decree or at least coming to an agreement with the custodial parent when circumstances warranted. Moreover, appellee took his child into his home in an attempt to correct some problems Child was having. The support given, while admirable, is the support of a parent. That does not impact

---

tioning with his adult brothers. These actions are in addition to stopping all payments as of

October 31, 1990.

the court ordered child support. As we stated long ago:

> The purpose of directing [appellee] to make ... payments through the domestic relations court or department was to obviate the very type of controversy that resulted in this litigation. If a party wishes to contribute to the support of his children in some manner other than that in which a court has directed, the court is always open to a timely application for modification. If he does it without such permission it is not incumbent on the court to give him any credit for it.

*Tucker v. Tucker,* Ky., 398 S.W.2d 238, 239 (1965).

We find that the trial court abused its discretion in relieving appellee's child support arrearages. Under the circumstances, the trial court did not, and does not, have the power to do so. Accordingly, the Court of Appeals is reversed and this case is remanded for proceedings in conformity with this opinion.

LAMBERT, STUMBO, JJ., and Special Justice James LEVIN, concur.

WINTERSHEIMER, J., dissents in a separate dissenting opinion. GRAVES and REYNOLDS, JJ., join in this dissenting opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because the Court of Appeals was correct in affirming the circuit court on the basis that the failure of a parent seeking child support to have actual custody of the child can terminate the duty to pay support to that parent.

In this case, the Court of Appeals and circuit court were correct because the oral agreement between the parties satisfied any child support obligation. The change in actual custody and the ending of child support payments constituted a complete acquiescence by the wife to the oral modification of the custody agreement. Equity prevents the wife from receiving child support payments for the period that the husband provided all the support for the son.

The parties may modify child support by oral agreement. *Tinnell v. Tinnell,* Ky.App., 681 S.W.2d 918 (1984). Such agreements are enforceable prospectively if they can be proven with reasonable certainty and they are fair and equitable and if the modification is on the same terms as might reasonably been granted had there been a motion at the time of the agreement. *Whicker v. Whicker,* Ky. App., 711 S.W.2d 857 (1986). This Court has recognized that many parents can agree without the aid of the legal system to a modification of custody and child support. Clearly, a court has authority to recognize the modification of such obligations and to reduce the arrearage accordingly. *Mauk v. Mauk,* Ky.App., 873 S.W.2d 213 (1994). *Also see, Whicker, supra,* and *Tinnell, supra.*

The situation presented here is highly inequitable. The mother waived her right to child support by surrendering physical custody of the child for almost two years before seeking to collect any alleged arrearage. There is no equitable reason to provide a windfall for the wife in a situation where she did not provide for the support of the child. The trial judge was acting with proper discretion when he determined that "child support is for the benefit of the child" and that in this circumstance "it would be unfair to require child support to be paid" for periods after October 1990. The Court of Appeals agreed, and although not condoning the actions of the father in ignoring the order of the court concerning the method and amount of support, properly found no abuse of discretion on the part of the trial judge. Now a majority of this Court "finds" that the trial judge had no power to relieve the father of his support obligations. This is clearly an invasion of the factfinding authority of the trial judge. Neither the law nor equity supports such a substitution of findings.

This case teaches a very harsh lesson to those who are litigants in a domestic relations matter. The sad conclusion that must be drawn from such a situation is that it is always necessary to obtain such modification in writing and with the specific approval of the circuit court. It is a primary but hard lesson that voluntary payments and even

beneficial conduct are simply that, only voluntary, and clearly have no legal support.

GRAVES and REYNOLDS, JJ., join in this dissent.