David C. PECORARO, Appellant,

v.

Margaret PECORARO, Appellee.

No. 2003–CA–001975–MR.

Court of Appeals of Kentucky.

Oct. 22, 2004.

Steven J. Kriegshaber, Louisville, KY, for appellant.

Joseph V. Mobley, Oliver B. Rutherford, Louisville, KY, for appellee.

Before SCHRODER and TACKETT, Judges; and EMBERTON, Senior Judge.[1]

## OPINION

TACKETT, Judge.

David Pecoraro appeals from an order of the Jefferson Family Court denying his motion to set aside a wage garnishment and recalculate child support retroactively. The dispositive issue in this case is whether there was evidence that his former spouse, Margaret Pecoraro, agreed to accept half of his court ordered child support after one of their two children became emancipated. If so, the question becomes would such an agreement override Kentucky Revised Statute (KRS) 403.213(1) which governs modifications of child support? We agree with the family court that David failed to file a motion to reduce his child support and that there was insufficient evidence to support the conclusion that Margaret agreed to a reduction. Therefore, the family court correctly concluded that KRS 403.213(1) did not permit retroactive modification to his child support and its order is affirmed.

When David and Margaret were divorced in 1994, Margaret was the primary residential custodian for their two minor children. Originally, David's court ordered child support obligation was $1,564.00 per month. Margaret filed a motion to increase this amount in 1998. The family court's final order, entered May 28, 1999, found that David's monthly income was $17,652.18 while Margaret's was $1,094.08 and ordered David to pay $2,162.33 per month to support the two children. The parties' oldest child turned eighteen in April 2001 and graduated from high school the following month. At that time, David began paying Margaret only half of the court ordered child support amount; however, he did purchase his daughter a car and pay some of her college tuition and expenses. Two years later, the parties' seventeen-year-old son moved in with his father, and David filed a motion requesting a change to the primary residential custodian. Margaret responded by obtaining an order garnishing David's wages for payment of a $27,025.00 child support arrearage. David filed a motion requesting that the garnishment be set aside and that his child support obligation be reduced retroactively to reflect the date the parties' daughter became emancipated. The family court denied David's motion in an order dated July 24, 2003. David filed a motion to amend, alter or vacate the family court's order which was also denied, and this appeal followed.

■ David first argues that the family court erred by applying KRS 403.213(1). The statute reads as follows:

The Kentucky child support guidelines may be used by the parent, custodian, or agency substantially contributing to the support of the child as the basis for periodic updates of child support obligations and for modification of child support orders for health care. The provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing.

He contends that Margaret agreed to the modification in child support payments after their daughter became emancipated;

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

therefore, there was no motion filed to modify his child support obligation and the statute is inapplicable. The family court found that there was no agreement between the parties to reduce David's child support payments and that KRS 403.213(1) barred any retroactive reduction in child support which was what David requested in his motion. David's brief characterizes this motion as a request to set aside a wage garnishment rather than a motion to modify child support, but this does not get around the fact that it also asks the family court to retroactively reduce his child support which is forbidden by the statute.

Next, David claims that the family court misinterpreted the Kentucky Supreme Court's holding in *Price v. Price*, Ky., 912 S.W.2d 44 (1995). In *Price*, a mother who had originally been awarded custody of her minor son and child support in a divorce decree agreed to transfer custody to the father. After sixteen months, the mother filed a motion to compel her former spouse to pay his child support arrearages accumulated since the child had been in his father's custody. Although the father subsequently obtained a legal change to his status as custodian, the Kentucky Supreme Court held that KRS 403.213(1) prevented the father from being relieved of his obligation to pay child support between the time he had the child in his custody and the time he filed a motion to modify his child support obligation. The Court reasoned that, absent an out-of-court agreement between the parties to modify child support, the statute still applied even though the mother no longer had custody.

In contrast, David argues that his daughter's emancipation relieved him of the obligation to pay child support, that he never filed a motion to modify child support, and that he and Margaret had an out-of-court agreement to modify his child support. These facts, he claims, distinguished his situation from the facts in *Price* and made the family court's reliance on it erroneous. First, we would point out that only one of David's children became emancipated. David correctly asserts that he was under no continuing obligation to pay child support for his daughter, but the family court's 1999 order does not set a per-child amount to his support obligation. In fact, the Domestic Relations Commissioner's proposed order did set David's child support at $2,177.57 per month or $1,088.78 per child, but this order was unsigned. The family court's 1999 order sets David's child support at $2,162.33 per month, making no mention of a per child amount. In addition, in the order denying David's motion to set aside the wage garnishment, the family court states that Kentucky's "Child Support guidelines are not set so as the obligation of child support is in direct proportion to the number of children to support. In other words child support does not decrease by one half when one of two children in the home are emancipated...." Second, with regard to David's argument that he never filed a motion to modify his child support, but rather a motion to recalculate his child support retroactively, we find that to be a distinction without a difference as far as KRS 403.213(1) is concerned. Also, the family court found that, as in *Price*, the parties in the case at hand did not agree to modify David's child support and that Margaret's acceptance of two years' worth of diminished child support payments cannot be taken to indicate the presence of an out-of-court agreement. David has failed to show that the family court erred in interpreting the Kentucky Supreme Court's holding in *Price* to support its finding that KRS 403.213(1) applied to bar a retroactive recalculation of David's child support.

David's final contention is that the family court abused its discretion in failing to hold an evidentiary hearing before denying his motion. He argues that, had such a hearing been held, he would have been able to introduce evidence supporting his claim that Margaret agreed to reduce his child support obligation by half after their daughter became emancipated. We first turn to a brief examination of the facts which the family court had before it in determining that there was no such agreement. David filed an affidavit in support of his motion requesting a change in residential custodian for the parties' seventeen-year-old son. This document made no mention of any out-of-court agreement regarding his child support obligation. After Margaret obtained an order garnishing his wages for past-due child support, David filed a second affidavit. In this document, he states that, after their daughter graduated from high school, David reduced the amount of child support he was paying by one-half. Additionally, he alleges that Margaret "knew of said reduction and acquiesced and accepted the reduction" until David filed his motion requesting a change in their son's residential custodian. Nowhere within this affidavit does David claim that there was an agreement between himself and Margaret which allowed him to reduce his child support payments. The family court scheduled David's motion to retroactively recalculate his child support for a hearing on August 15, 2003, but David's counsel sent a letter to the judge, dated July 18, 2003, informing the judge that the matter was ready for submission.

■ The family court's 2003 order, from which the present appeal is taken, made a finding that David had unilaterally reduced his child support payments after his daughter became emancipated and that there was no out-of-court agreement between the parties pertaining to his child support obligation. The order further states that Margaret denies the existence of an agreement to modify David's child support obligation and that David relies on her acceptance of reduced payments for two years and the per child language in the unsigned Commissioner's proposed order as evidence of an agreement. David filed a motion to amend, alter or vacate the family court's 2003 order arguing that the court should have heard testimony regarding the existence of an out-of-court agreement between the parties. Margaret's response objected to this motion on the basis that the family court had originally scheduled the motion for a hearing, but David, through counsel, informed the judge that the matter was ready for submission. Thus, he should not be allowed to complain after receiving an unfavorable ruling that the trial court failed to hold a hearing. We agree with Margaret's response to David's motion to amend, alter or vacate the family court's 2003 order. Having passed up the opportunity for a hearing before the family court made its decision on David's motion to retroactively recalculate his child support, David cannot now expect this court to find that the family court committed an error in failing to hold a hearing to determine whether an agreement modifying his child support existed.

For the foregoing reasons, the order of the Jefferson Family Court is affirmed.

ALL CONCUR.