RENDERED: AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1542-MR

CABINET FOR HEALTH AND
FAMILY SERVICES; PENDLETON
COUNTY CHILD SUPPORT OFFICE                    APPELLANT

v.          APPEAL FROM PENDLETON CIRCUIT COURT
            HONORABLE HEATHER FRYMAN, JUDGE
            ACTION NO. 20-C-00074

NATOSHIA PERKINS                                        APPELLEE

OPINION
VACATING
AND REMANDING

** ** ** ** **

BEFORE: COMBS, EASTON, AND LAMBERT, JUDGES.

COMBS, JUDGE: The sole issue before us is whether the family court erred in
eliminating child support arrears owed by the Appellee (Mother) to the state. After
our review, we are compelled to vacate and remand.

On several occasions beginning in 2020, Mother's four minor children were removed and custody was placed with the Cabinet. On March 26, 2020, the Cabinet filed a complaint for child support against Mother. By Order of July 6, 2020, Mother was ordered to pay child support, and all payments were ordered to be made through Child Support Enforcement. In October 2020, the support obligation was terminated when custody was returned to Mother. In November 2022, the children were again removed and placed back in the Cabinet's custody; support was again initiated.[1] On January 25, 2024, the Pendleton County Child Support Office (PCCSO) filed a motion for contempt against Mother for failure to pay support as ordered. Ultimately, custody of the children was returned to Mother on July 15, 2024, and the current support obligation was terminated.

At issue is an arrearage owed to the state. According to Appellant's brief, by September 17, 2024, that arrearage totaled $4,791.52 pursuant to an audit by the child support office.

At a review on September 9, 2024, the family court explained that Mother had been cooperative throughout the case, did everything asked of her, and had her children returned. The court was concerned that Mother would have to

---

[1] For a period of time, custody was granted to the paternal aunt. A small arrearage owed to the paternal aunt was not eliminated by the family court and is not at issue on appeal.

struggle to care for the children now due to an arrearage owed to the state.  On

September 9, 2024, the court entered the following docket sheet Order:

> Children were returned to Mom – arrears set at zero[.]
> Mom worked her case plan, cooperated and children
> were returned. Current expense may impact the care of
> the children.

On September 19, 2024, the PCCSO filed a motion to alter, amend, or

vacate pursuant to CR[2] 59.04, as follows in relevant part:

> The Court should vacate its order eliminating
> [Mother's] child support arrears.  While the
> Commonwealth appreciates how far [Mother] has come
> since the initiation of this case and the companion
> DNA[3] cases, as a matter of law, the arrears she owes to
> the state simply cannot be eliminated.  However, the
> Commonwealth would be eager to work with the Court in
> pursuit of other remedies that further the Court's goal of
> protecting the progress made by [Mother] and preserving
> her ability to care for the children in her custody.  As
> such the Commonwealth would suggest a reduction in
> her monthly arrearage payment to an amount that would
> not impede her ability to provide care for her children.

Citing well settled Kentucky law, the PCCSO argued that unpaid child support

becomes vested when due and is a fixed/liquidated debt which the court has no

authority to forgive.  Therefore, PCCSO requested that the family court vacate its

September 9, 2024, Order eliminating the arrears owed by Mother.

---

[2] Kentucky Rules of Civil Procedure.

[3] Dependency, neglect, and abuse.

By Order entered on November 8, 2024, the family court denied

PCCSO's motion as follows in relevant part:

> In this matter, continuing to seek arrearage payments from a working single mother with four children, for the support of the children that she is also supporting in her home, is nonsensical and absurd. The Court would quiet [*sic*] literally be taking away income from the support of these children, to have it paid to the state, that is still providing benefits to the family. At some point, common sense must prevail. The Cabinet system is designed to provide services with the goal of reunification. It should not be used to cause harm to the children it serves once reunification has occurred. The taking of money from this mother, paying a modest amount toward arrears while continuing to administer and monitor these payments, is arguably more costly to the state than waiver, and can end with the Mother going to jail as a sanction for contempt. That process would then result in the children going back into foster care, with money being expended to again care for the children as wards of the state. This process is circular, ridiculous, and an exercise in bureaucracy that serves no reasonable purpose. This is exactly the type of exercise in futility that ultimately causes a loss of faith in the system, and public perception that the system is broken. Thus, the arrears owed to the Commonwealth for the time that the children were wards of the state, while Mother was actively working with the Cabinet to regain custody, should be and are eliminated.

PCCSO appeals and argues that the family court's Order eliminating

the arrears that Mother owes to the state must be reversed because a court cannot

eliminate vested child support arrears.[4]  PCCSO explains that after child support

was ordered in July 2020, each payment vested in the month due. Mother failed to

make payments that had vested, and those missed payments became arrears.  Except

in certain circumstances not relevant here, PCCSO also notes that child support

obligations cannot be retroactively modified; therefore, child support arrears cannot

be eliminated.  PCCSO relies upon *Pursley v. Pursley*, 144 S.W.3d 820, 828 (Ky.

2004), which unambiguously holds that "[p]ast due payments for child support and

maintenance become vested when due. Each payment is a fixed and liquidated debt

which a court has no power to modify[.]" *Id.* at 828 (footnotes omitted).  KRS

403.213(1) ("The provisions of any decree respecting child support may be

modified only as to installments accruing **subsequent** to the filing of the motion for

modification. . . ."). (Emphasis added.)

Thus, PCCSO asserts that it is axiomatic that a trial court lacks

authority to eliminate child support arrears under Kentucky law, citing *Price v.*

*Price*, 912 S.W.2d 44 (Ky. 1995), which holds that:

> This Court has long understood "that unpaid periodical
> payments for maintenance of children, . . . , become
> vested when due." *Dalton v. Dalton*, Ky., 367 S.W.2d
> 840, 842 (1963).  As a result and "[a]s a matter of fact,
> each installment of child support becomes a lump sum

---

[4] Mother has not filed an Appellee's brief.  "This Court may impose penalties when a party does not file a brief under the Kentucky Rules of Appellate Procedure ("RAP") 31(H)(3); however, the decision whether to impose any penalties is within our discretion." *Lankford v. Lankford*, 688 S.W.3d 536, 537 n.1 (Ky. App. 2024) (citation omitted).  We decline to impose any penalty here.

judgment, *unchangeable by the trial court* when it becomes due and is unpaid." *Stewart v. Raikes*, Ky., 627 S.W.2d 586, 589 (1982) (emphasis added). Accordingly, "the courts are without authority to 'forgive' vested rights in accrued maintenance." *Mauk* [*v. Mauk*, 873 S.W.2d 213, 216 (Ky. App. 1994)].

PCCSO also draws our attention to *Commonwealth, ex rel. Spoonamore v. Griffin*, No. 2006-CA-000467-MR, 2006 WL 3231455 (Ky. App. Nov. 9, 2006), holding that the trial court erred as a matter of law in retroactively modifying the child support arrearage owed by a father for welfare benefits owed to the Commonwealth.

In the case before us, we conclude that the Pendleton Family Court erred as a matter of law when it eliminated Mother's arrearages owed to the state. Although we commend the family court's heartfelt and humane concern for this family, as an intermediate appellate court, we are "bound by published decisions of the Kentucky Supreme Court." *Kindred Healthcare, Inc. v. Henson*, 481 S.W.3d 825, 829 (Ky. App. 2014) (citing Kentucky Supreme Court Rule 1.030(8)(a)). "Whatever our view of the advisability of the policy set out in that precedent, we are precluded from simply choosing not to follow the law." *Fisher v. Kentucky Unemployment Ins. Comm'n*, 880 S.W.2d 891, 892 (Ky. App. 1994). Needless to say -- but noteworthy nonetheless, the compelling common sense underlying the court's reasoning is clearly a matter for the General Assembly to examine and re-visit.

Accordingly, we must vacate the September 9, 2024, Order of the family court eliminating the arrearage that Mother owes to the state; we remand for further proceedings consistent with this Opinion. On remand, the family court may wish to fashion a reduction in Mother's monthly arrearage payment in order to lower it to an amount that will not impede her ability to provide care for her children -- as was proposed by the Commonwealth in its CR 59.05 motion.

ALL CONCUR.

BRIEF FOR APPELLANT:        NO BRIEF FOR APPELLEE.

Zachary S. Smith
Newport, Kentucky