**Lakie FYFFE, Appellant,**

v.

**Link FYFFE, Jr., Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1964.

J. K. Wells, Paintsville, for appellant.
No counsel for appellee.

MOREMEN, Judge.

This is a proceeding under an agreed statement of facts pursuant to KRS 418.-020.

Appellant, Lakie Fyffe, and appellee, Link Fyffe, Jr., were married September 20, 1947. Their only son, Melvin Fyffe, was born on September 16, 1948. When appellee returned from service with the Armed Forces in 1943, he formed a partnership with his father, Link Fyffe, Sr., and engaged in the well-drilling business. It was an equal partnership and during the course of time they acquired well-drilling rigs and tools of substantial value. In November 1949, appellee was elected to the office of tax commissioner for Johnson County. He continued in the drilling business with his father. Appellant served as a deputy tax commissioner in his office. In 1950, he returned to active duty in the army and served for nine months. During this period his wife was appointed and served as tax commissioner. Upon his discharge from the army he was re-appointed tax commissioner, but devoted

his time almost entirely to the drilling business. His wife, as deputy tax commissioner, performed all the duties of the office. During this period they accumulated considerable property which was purchased with the joint earnings of the parties.

In a motorcycle accident in July 1954, appellee received severe injuries, including brain damage, which required extensive hospitalization. In January 1955, he was adjudged to be mentally incompetent and appellant was appointed as his committee. After appellee was injured, his father, Link Fyffe, Sr., continued to operate the partnership business, but distributed no part of any earned profits to appellant as committee for appellee. During this period appellant obtained employment as a part time bookkeeper for two corporations. Out of her earnings she supported herself and her son.

In March 1959, appellant, as committee for appellee, filed suit for an accounting of the partnership assets and sought to recover appellee's share of the net earnings. In December 1959, an agreed judgment was entered in that action whereby the partnership assets were valued at $32,156.77, and it was directed that one-fourth of said sum, or $8,039.14, be paid to appellant as guardian for her son "to be used exclusively for the support and maintenance and education of said son." It was also provided: "This judgment will operate as a full accord and satisfaction of all claims or costs of action the parties hereto may have against each other." On the same day, by proper inquest, appellee was restored to competency. He intervened in the settlement suit and a supplemental judgment was entered whereby appellee ratified and confirmed the previous judgment by which he also had received one-fourth of the partnership assets. Appellant filed a final settlement as committee for appellee which was duly approved.

On February 19, 1960, appellant filed suit for divorce. Her complaint made no request for division or restoration of property, maintenance or support of her son, alimony or costs. On May 12, 1960, a judgment was entered in this divorce suit which granted a divorce to appellant and awarded custody of the child to her, subject only to reasonable visitation rights of the father.

This divorce judgment did not conform to KRS 403.065 which requires every judgment for a divorce to contain an order restoring property received during and in consideration of the marriage.

The record does not disclose the date upon which this proceeding under KRS 418.020 was filed, but it appears to be in the nature of a suit for restoration of property under subsection (2) of KRS 403.060. On May 16, 1961, a judgment was entered in the case under consideration by which the appellee was given practically all the property that these parties had accumulated by their joint efforts and joint earnings. In addition, the judgment contained this provision: the $8,039.14 paid to appellant in the settlement suit represents a "settlement in full between the parties, in view of the condition of the defendant, subject to further review if conditions so warrant."

Appellant argues that the judgment was erroneous in that (1) the judgment in the partnership accounting suit, directing the payment of $8,039.14 to appellant as guardian, was not binding so far as it attempted to settle any claim which the son might have for his support; (2) the home and car were purchased from funds to which the husband and wife had contributed and each was entitled to one-half of the property; (3) the wife was entitled to restoration of insurance premiums paid by her; (4) the husband should be required to pay the divorce costs.

We will discuss these questions seriatim:

(1) The issue of the son's rights is not proper in a suit for restoration. Since the point has been raised we will

comment that it is generally true that the responsibility of a father to support his children cannot be voided or diminished by contract between the husband and wife. See Pegram v. Pegram, 310 Ky. 86, 219 S.W.2d 772. In any event we do not construe the court's judgment as intending to imply that the matter is closed. It is apparent that the trial court indicated he would review the matter of maintenance for the child "if conditions so warrant."

■■ (2) Restoration of property rights may be obtained in an action independent of and subsequent to a divorce suit if the property rights were not settled in that suit. Coleman v. Hunt, Ky., 258 S.W.2d 484. It is plain from the agreed statement of facts that appellant contributed a substantial and perhaps an equal amount of earnings to the purchase of the home and car. It is true that a portion of the purchase price of the car was paid out of partnership funds to the dealer at the time the title was transferred. We think, however, that the wife's contributions to the funds were sufficient to entitle her to be allowed the one-half interest in each one.

■ (3) It is stated in the agreed facts that during the period of incompetency, the wife, in addition to supporting herself and her son, paid out of her own independent funds premiums on insurance policies procured by her husband in which she was named as a beneficiary. These premiums totaled $545.71. After his restoration to competency the husband changed the beneficiary to persons other than his wife and child. She is entitled to restoration of those premiums. See Schauberger v. Morel's Adm'r, 168 Ky. 368, 182 S.W. 198.

■ (4) In the divorce suit appellant made no request for costs of the divorce action and none was granted. In the instant suit she seeks recovery for the costs of the divorce litigation. The recovery of court costs in a divorce case is not a proper item of recovery in a suit for restoration of property. Any question of costs should have been decided in the divorce action or on an appeal therefrom.

The judgment is reversed and the case remanded for the purpose of entering a judgment in accordance with this opinion.

Judgment reversed.