W. C. STORY, Appellant,

v.

Virginia STORY (Brannan), Appellee.

Court of Appeals of Kentucky.

Feb. 2, 1968.

Richard M. Compton, Todd & Compton, Lexington, for appellant.

Weldon Shouse, Shouse, Barker & King, Lexington, for appellee.

EDWARD P. HILL, Judge.

This is an appeal from a judgment for appellee, the former wife of appellant, in the amount of $5960 for 298 weekly child support payments of $20 each found to be in arrears on the date of the judgment appealed from. The original agreed judgment approved by the court was entered in 1958.

In October 1961, appellant discontinued the weekly payments, which he says he did pursuant to an agreement reached by telephone with appellee. He states that on this date, and from sometime previous thereto, he had difficulty enjoying visitation rights contained in the judgment; that his son, William Curtis Story, was becoming nervous and upset by the visits; that appellee called appellant at his home, where appellant's second wife answered; that it was definitely agreed during that telephone conversation that if appellant would give up his rights to have the child visit him, appellee would forego and forgive the $20 weekly payments.

The telephone conversation was admitted by appellee, but she denied any agreement was reached to discontinue payments.

There are significant circumstances supporting appellant's theory. However, the conflicting evidence presented a factual question for the chancellor. His findings may not be disturbed unless found to be clearly erroneous. CR 52.01. This we do not find.

The most potent "significant circumstance" supporting appellant's position is the time elapsing between October 1961 and May 1967 (the date of the judgment appealed from), during which appellee made no protest or objection so far as the record discloses. Neither did she ask that appellant be cited for contempt for failure to pay, which she had done once previously. Nevertheless, court judgments, including those for child support, must command dignity and respect. There is a well-known method of modifying them, which was spelled out in the 1958 judgment in question. Controversies as a result of out-of-court modifications and negotiations congest the divorce courts. An agreement to modify a judgment should be shown with "reasonable certainty" as announced in Schofield v. Schofield, Iowa, 149 N.W.2d 810, cited by appellant. In the light of the findings of fact by the chancellor, we cannot say appellant showed with "reasonable certainty" that the judgment of 1958 was modified.

The judgment is affirmed.

All concur.