**Jeanne DAVIS, Appellant,**

v.

**Chester DAVIS, Appellee.**

Court of Appeals of Kentucky.

June 14, 1968.

Rehearing Denied Oct. 18, 1968.

Raymond C. Arny and Lawrence S. Grauman, Louisville, for appellant.

G. Phillip Deeb, Sr., Herbert H. Monsky, Louisville, for appellee.

MONTGOMERY, Judge.

Jeanne Davis was denied recovery of $10,955, arrearages for child support. She appeals from such judgment, based on a finding by the court that the parties had agreed that the father, Chester Davis, would not visit the child and that the mother would not collect child support payments for him.

The parties were married on September 30, 1950. Their son was born on August 23, 1951. A divorce action was started September 13, 1951, and was concluded by a judgment on June 30, 1952, which incorporated a written agreement that the appellee should pay appellant $15 per week for the support and maintenance of their child, with no alimony to be paid to appellant.

Testimony was heard in the present action by a commissioner, whose findings were approved by the chancellor. In his opinion, the chancellor found that it was overwhelmingly shown that the appellee, while trying

to make a home for himself, his wife, and baby boy, was harassed and maligned by his wife's mother and father; that his family life was destroyed by his in-laws and his son taken from him by them; that he was ordered from the side of his wife at the hospital and at their residence, which was in the home of the in-laws; that the appellee in trying to keep peace and harmony sought to avoid a conflict that might be injurious to his young son; and that the appellant was anxious to assume the financial burden of rearing their son without financial assistance from appellee in exchange for appellee's not bothering appellant's parents by attempting to visit his infant son.

The record shows that no action was taken to collect any support payment from the date of the divorce judgment, June 30, 1952, until November 21, 1966. Appellant undertakes to say that appellee had been playing "hide and seek" to avoid payments. She did not call on appellee for help or seek to locate him during that period, although appellee lived in Louisville most of that time. He had worked for the same company in Louisville since 1955. His mother had lived at the same address in Louisville for over thirty-two years. Appellee had sent presents to his son on his birthday, at Christmas, and on other special occasions. Appellant evaded the commissioner's inquiries as to why she had not called on the appellee to pay the maintenance during that period. Since November 21, 1966, appellee has been making his payments and has been allowed to visit his child.

■ The primary rule in a child custody case is to do that which is best for the child. Any agreement in this respect is subject to the approval of the court. Edleson v. Edleson, 179 Ky. 300, 200 S.W. 625, 2 A.L.R. 689. The agreement which appellant seeks to enforce now was originally reached by the parties and incorporated into the judgment. It would seem to follow that if they could agree on support payments before judgment they could likewise agree to dispense with support payments after

judgment, subject, however, to the approval of the court. The chancellor here has, in effect, so held by upholding the agreement to relinquish the visitation right and to forego the support payments. There does not appear to be any question as to whether the child has received proper care and support.

 The chancellor considered the testimony heard and the commissioner's report. This case is the reverse of Story v. Story, Ky., 423 S.W.2d 907 (decided February 2, 1968), in which this court upheld the chancellor's finding of no agreement. The cases cannot be distinguished in principle. There is ample evidence to sustain the chancellor's finding of an agreement.

Judgment affirmed.

All concur.