Helen Louise Shouse RUBY, Appellant,

v.

Raymond O. SHOUSE, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1972.

Joseph V. Mobley, Jr., Louisville, J. Chester Porter, Givhan & Porter, Shepherdsville, for appellant.

Edwin A. Schroering, Jr., Louisville, for appellee.

REED, Judge.

The appellant, Helen Shouse (now Helen Ruby), was divorced from appellee, Raymond O. Shouse, in May 1959. They were the parents of two infant girls, Sandra and Beverly; they agreed that the father should pay $25.00 per week to the mother for the support of the children and this agreement was incorporated into the divorce judgment that was entered. In November 1969, the mother sought to collect child-support arrearage in the amount of $2,475, plus attorney's fees and court costs. The trial judge found that the parties had agreed on a modification of the judgment of which he approved and that the defendant was in compliance with his obligation to pay child support. The mother appeals.

The judgment recited:

"The defendant, Raymond O. Shouse, hereby agrees to pay to the plaintiff the sum of $25 per week for the support and maintenance of said infant children; said payments to continue until said children are twenty-one years of age, married or self-supporting."

It is undenied that in February, 1965, the older child, Sandra, was placed in the temporary custody of a nonrelative so she could attend a particular school. The father paid the appointed custodian $12.50 a week for Sandra's support and also paid $12.50 to the mother for Beverly's support. When Sandra returned to her mother's custody in October, 1965, the father resumed payment to the mother of the full $25 per week. Sandra married in January, 1966; the father then returned to payment of $12.50 per week for Beverly. This state of affairs continued without apparent dispute until November, 1969, when the mother attempted to collect an arrearage of payments computed at $25 per week from the date of Sandra's marriage until the date of the institution of the proceedings to collect.

The trial judge found that the parties orally agreed to a modification of the

judgment whereby the father was responsible for the payment of $12.50 per week for each child; he also found from the evidence that this modification was reasonable in view of the circumstances and he, in effect, approved this modification understanding. He also decided that Sandra's marriage terminated the father's responsibility for her support under the provisions of the judgment as modified. He imposed the costs of the proceedings upon the father who does not complain concerning that ruling, but no attorney's fee for the mother's attorney was awarded.

■ In Story v. Story, Ky., 423 S.W. 2d 907 (1968) and Davis v. Davis, Ky., 431 S.W.2d 866 (1968), we held that when an oral modification of a judgment for child support is asserted in proceedings to enforce the judgment, such agreement of modification must be shown with reasonable certainty, and even though such agreement is so established it still is subject to the approval of the court. Hence, parties who undertake to orally modify such a judgment without securing court approval in advance run at least two very considerable risks: one, the evidence will not convince the court that it has been established with reasonable certainty that the agreement was made, and two, that the court may disapprove the agreement because it is not equitable or fair to the affected child under the circumstances even though the modification agreement is clearly established. In this case, however, the trial judge found that the modification had been established with reasonable certainty and that it was equitable under the circumstances. There was substantial evidence to support these findings. Thus, the findings are binding under CR 52.

The mother relies on Guthrie v. Guthrie, Ky., 429 S.W.2d 32 (1968). That decision is, however, inapplicable. In Guthrie the problem was the unilateral construction of the judgment by one of the parties to it who had not sought a modification of the judgment from the court; the question of

an agreed oral modification by both of the parties to the judgment was not presented.

■ The failure to allow the mother's attorney a fee to be paid by the father as part of the costs of the collection proceedings is also the subject of complaint on this appeal. It appears to us, however, that when it is considered that nothing was recovered for the benefit of the children, and the amount sought for child support does not evidence that the father is possessed of significant financial means and since the court costs were imposed upon him, we cannot say that the trial judge's failure to award the mother's attorney a fee to be paid by the father was an abuse of discretion.

The judgment is affirmed.

All concur.