**TUSKOS ENGINEERING CORPORATION,**
**Appellant,**

v.

**Michael E. TUSKOS, Appellee.**

Court of Appeals of Kentucky.

Jan. 13, 1984.

Rehearing Denied March 9, 1984.

William R. Price, Louisville, for appellant.

Edward M. Steuterman, Louisville, for appellee.

Before HAYES, C.J., and MILLER and PAXTON, JJ.

PAXTON, Judge.[1]

Tuskos Engineering Corporation appeals from a judgment of the Jefferson Circuit

---

1. The decision announced herein was reached prior to Judge Paxton's departure from the

Court requiring it to pay Michael E. Tuskos the sum of $7,380.00 and dismissing its counterclaim.

Appellee, Michael E. Tuskos, is an individual listed as inventor and owner of patents on the following devices: Lectro-Tabler, patent no. 3,439,438; Ultra-Pleater, patent no. 3,696,515; and Mark-N-Trim, patent no. 3,738,007. Appellant, Tuskos Engineering Corporation, was originally organized by Michael E. Tuskos and his wife, Irma, who were the sole stockholders until July, 1972, when they sold 25% of their stock to Wade Morgan.

On October 7, 1972, Michael entered into a license agreement with Tuskos Engineering while he was a stockholder and president and chairman of its board of directors. Pursuant to the terms of the license agreement, Michael represented that he was the owner of a certain patent and certain patent applications pertaining to a Lectro-Tabler machine, and a Ultra-Pleater machine and that he had the right to grant certain licenses in respect to the machines. Although the Mark-N-Trim device was not mentioned in the agreement, it has been considered as an integral part of the suit, apparently because it is merely an addition to the Lectro Tabler. Tuskos was granted the right to make, use, and sell the machines throughout the United States, territories and possessions in Canada and in consideration of which the corporation agreed to pay royalties to Michael at the rate of 10% of the selling price of each machine sold. Michael was given the option to terminate the agreement upon certain conditions and Tuskos was given the absolute right to terminate the agreement at the end of any calendar year by simply giving written notice to Michael on or before September 20th of such calendar year.

Michael filed his complaint against Tuskos on July 12, 1976, alleging that Tuskos had breached the licensing agreement and should be required to make an accounting as to royalty payments due and owing him

pursuant to terms of the agreement. Tuskos admitted execution of the license agreement but denied its validity on account of the "failure of consideration because of the invalidity of each of said patents." Tuskos then counterclaimed alleging that Michael had obtained the patents by fraud and demanded that the patents be declared invalid and that it be granted judgment for all payments made to Michael pursuant to terms of the agreement and that it also be awarded punitive damages. Prior to stopping payments, Tuskos had paid $31,556.29 to Michael.

The case was referred to a commissioner who, after hearing proof, entered detailed and comprehensive findings to the effect that Michael's patents were invalid because of misleading statements made to the patent office by Michael, but that Michael was not guilty of intentional fraud. The commissioner recommended that Michael retain royalties received, but that he not recover any additional royalties from Tuskos. He further recommended that Tuskos take nothing on its counterclaim against Michael.

The trial court accepted the recommendations of the commissioner, except it was of the opinion that it was unnecessary to make a determination on the validity of the patents. Consequently, the trial court refused to invalidate the patents but held that Michael was entitled to royalties due him up to the time of the termination of the agreement, in the sum of $7,380.00.

■ Tuskos Engineering appealed from this judgment of the Jefferson Circuit Court. Michael's Motion for enlargement of time in which to file his brief was denied by order of this Court dated August 30, 1982. Michael then filed a motion asking this Court to consider the issues involved in the proceedings on their merits utilizing the full record, and, in the alternative, asking that the matter be affirmed as a matter of law in view of the issues and facts

Court on January 1, 1984. Release of the opinion was delayed until this date by necessary

administrative procedures.

represented by Tuskos' brief. By order dated December 8, 1982, this court passed the merits of Michael's motion to the panel. We are of the opinion that Michael's motion is a thinly-veiled attempt to do indirectly what this court has said that he could not do directly; submit a brief in support of his position in this case. We therefore order that the motion be stricken from the record. As suggested by Tuskos Engineering, in its response to Michael's motion, this Court is obligated to follow the law. Because Michael failed to file his brief on time, we accept Tuskos' statement of the facts and issues as correct, except to the extent the facts are inconsistent with those found by the commissioner that we determine are not clearly erroneous. CR 76.-12(8)(c); CR 52.01.

Tuskos argues that the trial court erred in:

1. Failing to find the existence of clear and convincing evidence that Michael, prior to and on October 7, 1972, the date of the license agreement made between Michael and Tuskos Engineering, knew and fraudulently concealed the fact that the three alleged inventions, the subject matter of the license agreement, had been in public use or on sale, either by himself or by others, or had been published or used by others prior to Michael's alleged invention thereof and but for the fraudulent concealment of these facts from the patent office, the patents would not have issued and the license agreement could not have been made, or but for the intentional concealment of said facts from the directors of said corporation the license agreement would not have been made.

2. Failing to find a fiduciary duty on Michael, as chief executive officer and a director of Tuskos Engineering, to disclose to Tuskos Engineering at the combined stockholders and directors meeting, held on October 7, 1972, and at the time of execution of the license agreement on October 7, 1972, facts solely within his knowledge, relative to public use, offers for sale or sales, either by himself or others of the alleged inventions contained in said applications prior to Michael's alleged invention thereof and but for Michael's intentional concealment of said facts from Tuskos Engineering and but for Michael's breach of said fiduciary duty in concealing facts from said Tuskos Engineering, the license agreement would never have been executed.

■ The trial commissioner found that Michael neither intentionally deceived nor concealed transactions from Tuskos Engineering. We find from reviewing the record that the evidence is conflicting on both issues. We cannot, therefore, say that the findings of the commissioner are clearly erroneous. CR 52.01; *White v. Howard*, Ky., 394 S.W.2d 589 (1965); *Citizens Fidelity Bank & Trust Co. v. Leake*, Ky., 380 S.W.2d 264 (1964). The commissioner concluded that the patents were invalid; that Tuskos Engineering could not recover royalties paid Michael; and that Michael could not recover royalties claimed due after Tuskos Engineering stopped payments. The trial court accepted the commissioner's report except that it was of the opinion that Michael was entitled to $7,380.00 in royalties earned after Tuskos Engineering stopped payments and that it was unnecessary to consider whether the patents were valid.

■ We are not required to consider Michael's entitlement to the $7,380.00 in royalties alleged to have accrued during the interim when Tuskos Engineering stopped payments and its termination of the agreement because Tuskos did not raise the issue in its brief. *Ballard v. King*, Ky., 373 S.W.2d 591 (1963). Nevertheless, because Michael does not have a brief, we will consider the issue on its merits and sustain the commissioner's determination. The patents are invalid because of erroneous statements made by Michael in securing them. The license agreement is also invalid, but not void *ab initio*, because Michael is not guilty of intentional fraud. Michael is therefore entitled to retain the royalties paid him by Tuskos Engineering, but he is not entitled to any royalties alleged due and owing after Tuskos stopped making payments to

him. As stated in *Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 465 F.2d 1253 (6th Cir.1972):

> The public interest is protected adequately ... without imposing on the patent holder the obligation to refund royalties paid under the license of a patent procured and asserted in good faith. A licensee may at any time cease royalty payments, secure in the knowledge that the invalidity of a patent may be urged when the licensor sues for the unpaid royalties.

*Id.* at p. 1260.

The judgment of the Jefferson Circuit Court is reversed and this case remanded with directions for the trial court to enter a judgment dismissing Michael's complaint; declaring the three patents and the license agreement void; and assessing costs.

All concur.