Monica (Coleman) WHICKER
(Reynolds), Appellant,

v.

Don Delore WHICKER, Appellee.

Court of Appeals of Kentucky.

May 30, 1986.

Case Ordered Published and Modified by
Court of Appeals
June 13, 1986.

Charles E. Lowe, Pikeville, for appellant.

Thomas Goodman, Pikeville, for appellee.

Before HAYES, C.J., and CLAYTON and WHITE [1], JJ.

CLAYTON, Judge.

This is an appeal from an order of the Pike Circuit Court which (1) denied to the appellant arrearages in child support in the sum of $7,280.00; and (2) increased appellee's child support obligation from $75.00 per month to $175.00 per month. We affirm in part and reverse in part.

Appellant Monica Whicker (now Monica Reynolds) and appellee Don Whicker were divorced in 1975. Pursuant to the divorce decree Don Whicker was ordered to pay $75.00 per month child support for one child, who was at that time four years old. By 1984, however, Don was in arrears in the sum of $7,280.00 and Monica brought a motion in Pike Circuit Court to hold Don in contempt.

Don, in his defense, asserted that he and Monica had made an oral agreement whereby Monica would forego all arrearages owed by Don, and Don would increase his child support payments by five dollars per month to a total of $80.00 per month. The trial court found that the parties had, indeed, made such an agreement, and that Monica was not entitled to any arrearages. In addition, the trial court *sua sponte* increased Don's child support payments to $175.00 per month, although neither party had made any motion for modification of child support.

■ We first consider the appellant's motion for sanctions pursuant to CR 76.-12(8)(c), based upon the appellee's failure to file a brief in this appeal. Pursuant to CR 76.12(8)(c)(i) the Court accepts the appellant's statement of the facts and issues as correct. Where those facts conflict with findings of fact by the trial court, however, we may accept them only where we can say that the trial court's findings are clearly erroneous. CR 52.01; *Tuskos Engineer-*

1. This case was submitted prior to Judge White's appointment to the Kentucky Supreme Court.

*ing Corp. v. Tuskos*, Ky.App., 676 S.W.2d 794, 797 (1984).

The appellant first contends that the trial court erred (1) in finding the existence of an oral agreement between the parties, and (2) in enforcing that agreement with regard to the appellee's child support arrearages.

There is conflicting law on the issue of whether the parties to a divorce and support agreement may privately modify such an agreement without prior judicial approval. One line of cases holds that private agreements, even oral agreements, are permissible. *Ruby v. Shouse*, Ky., 476 S.W.2d 823 (1972); *Tinnell v. Tinnell*, Ky.App., 681 S.W.2d 918 (1984). *See also Story v. Story*, Ky., 423 S.W.2d 907 (1968); *Davis v. Davis*, Ky., 431 S.W.2d 866 (1968). Such agreements may be enforced by the courts against the parties so long as (1) they are proved with "reasonable certainty," and (2) the court finds that the agreement is equitable and fair to the affected children under the circumstances. *Ruby v. Shouse*, 476 S.W.2d at 825.

A second line of cases supports the traditional view that there is an absolute duty to support one's child and that such obligation may not be diminished by contract between the parties. *Fyffe v. Fyffe*, Ky., 375 S.W.2d 407, 409, (1964); *Wilford v. Wilford*, Ky., 371 S.W.2d 867, 868 (1963); *Elkins v. Elkins*, Ky., 359 S.W.2d 620, 622 (1962); *Pegram v. Pegram*, 310 Ky. 86, 219 S.W.2d 772, 773 (1949); *Hayden v. Hayden*, 215 Ky. 299, 284 S.W. 1073, 1074 (1926); *Edleson v. Edleson*, 179 Ky. 300, 200 S.W. 625, 631 (1918).

The issue is further complicated by KRS 403.250(1), which states in pertinent part:

Except as otherwise provided ... the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. *Id.*

KRS 403.250(1) provides the exclusive method for effecting a modification of an award of child support where a parent paying support has not agreed to automatic increases based upon a percentage of earnings. *McGowan v. McGowan*, Ky.App., 663 S.W.2d 219, 225 (1983).

 Several policy considerations regarding private modification of child support seem fundamentally clear. First, any agreement between parties to a divorce which avoids the adversarial judicial process is to be encouraged. Second, such agreements, to be enforceable, must be approved by a court of law, which must make its determination according to the existing equities under the circumstances. In enforcing any modification, furthermore, the interests of the children involved must be a major consideration. Finally, a parent's obligation to support a child may not be absolutely waived by any contract between the parties.

 With the foregoing discussion in mind, we hold that oral agreements to modify child support obligations are enforceable, so long as (1) such agreements may be proved with reasonable certainty, and (2) the court finds that the agreement is fair and equitable under the circumstances. In order to enforce such agreements, a court must find that modification might reasonably have been granted, had a proper motion to modify been brought before the court pursuant to KRS 403.250 at the time such oral modification was originally agreed to by the parties. Furthermore, in keeping with prior decisions, such private agreements are enforceable only prospectively, and will not apply to support payments which had already become vested at the time the agreement was made. *See Dalton v. Dalton*, Ky., 367 S.W.2d 840, 842 (1963).

Parties who decline to use the procedures set out in KRS 403.250 run the risk of having their private agreements declared invalid by a court when the parties attempt to have the agreements judicially enforced. Those agreements which attempt to accomplish privately what a court could not order legally will be declared invalid and will not be enforced.

 In the case before us, the trial court found that there was an oral agreement

between the parties. As there is nothing in the record on appeal to indicate the evidence considered by the trial court, we are unable to determine whether the existence of the agreement was proved with sufficient certainty. However, we must presume, in the absence of evidence to the contrary, that the trial court's finding was supported by the evidence before it. *Reid v. Reid,* Ky., 300 S.W.2d 225, 225 (1957). We cannot say, therefore, that the trial court was clearly erroneous in finding the existence of the agreement.

■ The trial court abused its discretion, however, in enforcing the agreement. First, the terms are manifestly unfair to the affected child. The agreement, as enforced, allowed the custodial parent to forego $7,280.00 in return for a promise to pay a total of $270.00 over approximately 54 months until the child's majority. Such an agreement is inequitable on its face and should not have been enforced.

Second, the agreement was erroneously upheld as to support arrearages which had already become vested at the time the agreement was allegedly made by the parties. As stated in our discussion, *supra,* it was error for the trial court to permit the parties to accomplish privately what the court could not have ordered. We therefore reverse that portion of the trial court's order which held that the appellant was not entitled to arrearages in child support.

■ The appellant next contends that the trial court erred in finding that she was entitled to an increase in child support, in the absence of a motion for modification by either party. The trial court, in ordering an increase in child support, necessarily made a finding that such increase was justified under KRS 403.250(1). Again, as there is nothing in the record on appeal to indicate what evidence was considered by the trial court, we must presume that the evidence supported the findings which were made. *Reid,* 300 S.W.2d at 225. We note that the trial court failed to make required findings of fact. CR 52.01; *Burnett v. Burnett,* Ky., 516 S.W.2d 330, 332 (1974). We also note, however, that no request was made for such findings, and

we do not consider the issue on appeal. CR 52.04; *Cherry v. Cherry,* Ky., 634 S.W.2d 423, 425 (1982). As the appellant suffered no prejudice, and in the absence of a brief for the appellee, we decline to say that the trial judge was clearly erroneous in his findings, or that he abused his discretion in ordering an increase in the appellee's child support payments. Nothing would preclude, however, a motion by Don Whicker for further modification pursuant to KRS 403.250(1), or appropriate private agreement between the parties.

The judgment of the Pike Circuit Court is affirmed in part and reversed in part with directions for the trial court to address the issue of child support arrearages owed to the appellant Monica Whicker Reynolds by the appellee Don Delore Whicker, and to provide to the appellant such remedy as she may be entitled.

All concur.