**Shirley Ann ARNOLD, Appellant,**

v.

**William Roger ARNOLD, Appellee.**

No. 91–CA–000290–S.

Court of Appeals of Kentucky.

March 20, 1992.

Michael Davidson, Lexington, for appellant.

Steven F. Vicroy, Murphy & Enlow, Lexington, for appellee.

Before DYCHE, HOWERTON and STUMBO, JJ.

STUMBO, Judge.

Shirley Ann Arnold appeals an order of the Fayette Circuit Court finding that she had made an agreement with her ex-husband, William Roger Arnold, the Appellee, to modify his child support obligation and that this obligation had been paid in full. We reverse.

In its decree of dissolution, dated March 17, 1982, the Fayette Circuit Court ordered William to pay $375.00 dollars a month in child support to Shirley, who was given custody of the parties' three minor children. William was ordered to pay the support payments to the Fayette County Domestic Relations Office for distribution.

Disregarding this order, William made these payments directly to Shirley. Further, in June of 1982, when the parties' oldest child reached the age of 18, William reduced the support payment to $301.00 a month. When the second child reached 18, William reduced the support payment to $150.50 per month. William ceased making support payments when the third child attained the age of 18 in June of 1988.

In July of 1990, Shirley made a motion to reduce William's child support arrearages, in the amount of $7,918.40, to a judgment.

On August 10, 1990, this motion was heard by a domestic relations commissioner. After hearing testimony from both parties, the commissioner found that Shirley and William had "tacitly agreed to an oral agreement" in June or July 1982 concerning the first reduction in child support payments, and in September or October of 1983 in regard to the second reduction. The commissioner also concluded that the evidence proving these agreements was sufficient under the authority of *Whicker v. Whicker*, Ky.App., 711 S.W.2d 857 (1986). Shirley's exceptions to the recommendations of the commissioner were overruled by an order of the court dated October 1, 1990, and the recommendations of the commissioner were adopted by an order of the court dated January 8, 1991.

Shirley denies that she ever entered into any agreements with William to reduce his child support obligations and argues that the evidence did not support such a finding by the court under *Whicker, supra.* Shirley also complains that the findings of the commissioner conflict with *Whicker, supra,* because he found that she had "tacitly" entered into an oral agreement, which she claims is contradictory and oxymoronic. Finally, Shirley contends that no finding that such an agreement was fair and equitable, as required by *Whicker, supra,* was ever made by the commissioner or by the court.

After reviewing the videotape of the August 10, 1990, hearing, we feel that Shirley's arguments concerning the existence of an oral agreement are quite strong. In fact, at one point, William admitted that he had *never* discussed such an agreement with Shirley. Indeed, he claimed that his understanding of the dissolution decree was that his child support obligation was to be reduced by $125.00 per child each time one of the children reached 18. Yet this claim is contradicted by the amount of payments he made after the first two children reached 18, $301.00 and $150.50, respectively. However, we need not base our ruling on these arguments.

In *Whicker, supra,* this Court adopted a two-prong test to apply to oral agreements to modify child support obligations. To be enforceable, such agreements must be proved with reasonable certainty, and the court must find that the agreement is fair and equitable under the circumstances. As explained in *Whicker, supra,* the court must find that a modification might reasonably have been granted if a proper motion to modify the obligation under KRS 403.250 had been made at the time of the making of the oral agreement.

After examining the evidence presented at the hearing, we find that William presented no evidence or arguments concerning the reasonableness of the agreement to the commissioner. William, as the party seeking to prove the existence of an oral agreement to modify child support, had the burden of proof on this issue. Since no evidence to prove the reasonableness of the oral agreement was presented, and no findings concerning this issue appear in the record, we hold that the court should have granted Shirley's motion to reduce the $7,918.40 arrearage in child support payments to judgment.

Therefore, the judgment of the Fayette Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.