RENDERED: JUNE 16, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0129-MR

JOSH BOGGS                                                          APPELLANT

v.                    APPEAL FROM GREENUP CIRCUIT COURT
                      HONORABLE JEFFREY L. PRESTON, JUDGE
                             ACTION NO. 16-CI-00042

ANDREA BOGGS                                                        APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: ECKERLE, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellant, Josh Boggs (Josh), and Appellee, Andrea Boggs

(Andrea), had their marriage dissolved by a Decree of Dissolution entered by the

Greenup Circuit Court, Family Division, on June 17, 2016. The parties were

awarded joint custody of their three children. Josh was ordered to pay child

support in a monthly amount of $671.93. He made no payments after June of

2016.

In 2021, Andrea filed a motion for contempt and Josh filed a motion for modification of timesharing/custody. The court held a hearing during which the parties, their eldest daughter, and Josh's mother testified. Josh testified that the parties informally agreed that in lieu of child support payments, Andrea lived rent free at their former marital residence (the Residence), which was owned solely by Josh's mother.

In an order entered on December 16, 2021, the court determined that Josh failed to pay child support for 32 months at the rate of $629.62 per month. This included a discount for the number of months that Andrea lived rent free at the Residence. The court ordered Josh to pay the total amount due within six months, and that he also pay $1,000.00 in attorney's fees. Based on his current income, the court ordered Josh to pay $1,173.83 per month moving forward. Josh filed a motion to alter, amend, or vacate the court's order, which was denied. He appeals to this Court as a matter of right. For the following reasons, we affirm in part, reverse in part, and remand.

"We review the establishment, modification, and enforcement of child support obligations for abuse of discretion." *Wilson v. Inglis*, 554 S.W.3d 377, 381 (Ky. App. 2018) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004) (quoting

*Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). With this standard in mind, we now return to the record in the present case.

Josh generally argues that the family court's findings concerning child support and attorney's fees were erroneous and/or inaccurate. He raises additional concerns that are either insufficiently preserved or are otherwise unpersuasive. Therefore, we need not address those matters further. We will instead address the merits of the issues properly before us – whether the court abused its discretion in awarding the unpaid child support payments and attorney's fees.

Testimony indicates that Andrea lived in the Residence for some period of time, possibly in lieu of receiving child support payments. And while the details remain unclear, it is undisputed that this alleged agreement was not reduced to writing. In addressing this issue, the court determined that it "does not accept the allegation that there was an agreement between [Josh and Andrea] to live in the [Residence] in lieu of paying child support. However, the [c]ourt does give [Josh] credit for not paying child support for the 27 months that [Andrea] lived in the home rent free." The court's remedy here is based on the evidence, equitable, and is certainly not an abuse of its discretion.

However, there does appear to be a discrepancy between the language of the court's order regarding Josh's modified child support payment, and the actual calculation of that amount on a monthly basis. The difference equates to

approximately $538.66 per month. This issue was raised in Josh's motion to alter, amend, or vacate. Therefore, remand is necessary. To be clear, we are not taking issue with the result of the court's discretion in modifying child support, or the methodology upon which the court relied. Rather, we remand for the court to clarify the amount owed.

We also remand for the court to consider *Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767 (Ky. 2015) (requiring specific findings concerning the allocation of the child tax exemption). That standard was not satisfied here. *See Bankston v. Mattingly*, 661 S.W.3d 755, 759 (Ky. App. 2023) ("[F]or the foregoing reasons, the order . . . awarding the dependent-child tax deduction to the parties on alternating years is reversed, and this matter is remanded to the circuit court for entry of any and all appropriate orders."). *See also Howard v. Howard*, Nos. 2021-CA-0865-MR and 2021-CA-0965-MR, 2022 WL 17838398, at \*2 (Ky. App. Dec. 22, 2022).

Josh's final claim of error concerns the attorney's fees award. The statute governing attorney's fees is KRS 403.220. It has been summarized and applied as follows:

> Under this statute, a trial court may order one party to a divorce action to pay a reasonable amount for the attorney's fees of the other party, but only if there exists a disparity in the relative financial resources of the parties in favor of the payor. But even if a disparity exists, whether to make such an assignment and, if so, the

> amount to be assigned is within the discretion of the trial judge. There is nothing mandatory about it. Thus, a trial court's ruling on attorney fees is subject to review only for an abuse of discretion.

*Sexton*, 125 S.W.3d at 272 (internal quotation marks and footnotes omitted).

Furthermore, "[the trial court] is in the best position to observe conduct and tactics which waste the court's and attorneys' time and must be given wide latitude to sanction or discourage such conduct." *Gentry v. Gentry*, 798 S.W.2d 928, 938 (Ky. 1990). In the present case, the court ordered Josh to pay $1,000.00 in attorney's fees as a "sanction for . . . failing to pay the child support when it was due." The court also assessed the parties' most recent income for purposes of awarding child support. The order indicates that Josh's income is in excess of Andrea's. Therefore, we believe that the court sufficiently considered the financial resources of the parties for purposes of KRS 403.220. There was certainly no abuse of discretion.

## CONCLUSION

For the forgoing reasons, we AFFIRM in part and REVERSE in part. We REMAND with instructions that the court enter a new order consistent with this decision. Any additional hearings may be ordered at the discretion of the circuit court.

ECKERLE, JUDGE, CONCURS.

KAREM, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

KAREM, JUDGE, DISSENTING:  Respectfully, I dissent and would reverse the trial court's order as to the amount of arrearages owed by Appellant.  I agree in the majority's Opinion assessing the proper issues before the court but disagree with the ultimate conclusion that the trial court did not abuse its discretion or act arbitrarily.

The trial judge held a hearing on the Appellee's Motion for Contempt and to Assess Arrearages.  During the hearing the testimony is clear that the home in which the Appellee lived, rent free, with the children following the divorce was owned by Appellant's mother.  While no written document exists memorializing any type of agreement with reference to rent, Appellee asserts that she made a deal with Appellant's mother that she would be allowed to move into the home rent free to improve her credit, to eventually purchase the home for $35,000.  Appellant asserts that the deal was made with his mother that the Appellee could live there in lieu of child support, although at this point he had already failed to make payments for over two years after the divorce.  After assessing all of the evidence, the trial court did not accept the allegation that there was an agreement between the parties for the Appellee to live in the home in lieu of paying child support.  However, the

trial judge went on to give Appellant credit for 27 months in which the Appellee lived in the home rent free.

In a similar case, this Court outlined when oral agreements to modify child support obligations are enforceable.

> (1) [S]uch agreements may be proved with reasonable certainty, and (2) the court finds that the agreement is fair and equitable under the circumstances. In order to enforce such agreements, a court must find that modification might reasonably have been granted, had a proper motion to modify been brought before the court pursuant to KRS 403.250 at the time such oral modification was originally agreed to by the parties. Furthermore, in keeping with prior decisions, such private agreements are enforceable only prospectively, and will not apply to support payments which had already become vested at the time the agreement was made. *See Dalton v. Dalton*, Ky., 367 S.W.2d 840, 842 (1963).

*Whicker v. Whicker*, 711 S.W.2d 857, 859 (Ky. App. 1986).

In the case at bar, the first prong of the analysis fails. The trial court found no oral agreement existed therefore the question ends there. The Appellant owes child support as dictated in the original order and he must pay all arrearages owed. To do otherwise fails to take into consideration the interest of the children. Appellant therefore should not get any offset for the time Appellee lived in the house rent free and granting the offset was completely arbitrary. As such, I would reverse as to the amount of arrearages owed and remand for a calculation which does not grant an offset.

BRIEFS FOR APPELLANT:

Robert T. Renfroe
Greenup, Kentucky

BRIEF FOR APPELLEE:

Tracy D. Frye
Marie E. Troxler
Nikki Burke
Russell, Kentucky